UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHER DIVISION

THOMAS J. LOPEZ                                                                                             PLAINTIFF

VERSUS                                                       CIVIL ACTION NO.: 1:22cv329 TBM-RPM

HARRISON COUNTY, MISSISSIPPI,
HARRISON COUNTY SHERIFF'S DEPARTMENT,
SHERIFF TROY PETERSON, and OTHER
UNKNOWN JOHN and JANE DOES A-Z                                                   DEFENDANTS

**COMPLAINT**

(THE PLAINTIFF DEMANDS A TRIAL BY JURY)

COMES NOW Plaintiff, Thomas J. Lopez, by and through his counsel of record, William Alex Brady, II and Brady Law Firm, PLLC, and files this Complaint against Defendants Harrison County, Mississippi, Harrison County Sheriff's Department, Sheriff Troy Peterson, and Other Unknown John and Jane Does A-Z, as follows:

**I. PARTIES**

1. Plaintiff Thomas Julian Lopez is an adult resident citizen of the state of Mississippi who can be served with process upon his counsel of record, William Alex Brady, II, Brady Law Firm, PLLC, 600 E. Railroad Street, Suite A, Long Beach, Mississippi 39560.

2. Defendant Harrison County, Mississippi is a political subdivision of the State of Mississippi that may be served with process by effecting the same upon John McAdams, Chancery Clerk for Harrison County, Mississippi, at 1801 23rd Avenue, Gulfport, Mississippi 39501, or wherever he may be found.

3. Defendant Harrison County Sheriff's Department may be served with process by serving Sheriff Troy Peterson or his designee the Harrison County Adult Detention Center at 10451 Larkin Smith Drive, Gulfport, Mississippi 39503.

4. Defendant Sheriff Troy Peterson is the duly elected Sheriff of Harrison County, Mississippi who may be served with lawful process at the Harrison County Adult Detention Center at 10451 Larkin Smith Drive, Gulfport, Mississippi 39503.

5. Defendants Unknown John and Jane Does A-Z are individuals and/or entities who acted in concert with the named Defendants or who otherwise may be discovered to have acted in a manner detrimental to the rights, privileges and immunities of Plaintiff Thomas J. Lopez. Plaintiff reserves the right to seek leave to amend his Complaint and identify such persons and/or entities and to serve them with process.

## II. JURISDICTION

6. Plaintiff invokes the federal question jurisdiction of this Court pursuant to 28 U.S.C. Sections 1331 & 1343 to obtain a judgment for the costs of suit, including reasonable attorneys' fees, and damages suffered and sustained by Plaintiff Thomas J. Lopez and caused by Defendants' blatant violation of Plaintiff's rights, privileges and immunities, as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and by the applicable Federal statutes, more particularly, 42 U.S.C. Sections 1983, 1985(3), 1986 & 1988. Additionally, this Court has jurisdiction to adjudicate the pendent or supplemental state claims that arise out of the same course of conduct giving rise to the principal claims of the Plaintiff as herein stated. Finally, the Plaintiff's action for declaratory and injunctive relief is authorized pursuant to 28 U.S.C. Sections 2201 & 2202.

## III. VENUE

7. Venue is proper in this jurisdiction and district pursuant to 28 U.S.C. Section 1391(b) because a substantial part of the real and immediate harm sustained by the Plaintiff occurred in this judicial district and division.

## IV. FACTS

8. Plaintiff Thomas J. Lopez ("Lopez") was arrested by the Harrison County Sheriff's Department on July 20, 2021 for felony drug offenses.

9. Upon presenting for his initial medical screening, Lopez reported that he was withdrawing from Fentanyl which caused him to suffer from insomnia, lethargy, weakness, nausea, vomiting and fatigue.

10. Lopez was placed into a quarantine unit at the Harrison County Adult Detention Center.

11. Lopez was placed into a two-person cell that was already housing two other inmates.

12. While in quarantine, inmates were required to remain in their cells for all but one-hour of each day.

13. One of Lopez's cellmates was Andrew Malik Jones ("Jones").

14. Jones was arrested by the Gulfport Police Department on July 19, 2021 for robbery and sexual battery.

15. Jones' arrest stemmed from him brutally assaulting a woman at the Gulfport Premium Outlets by pushing her into a bathroom stall, physically assaulting her causing a fractured skull, violently raping her, then stealing her purse and attempting to flee.

16. On July 22, 2021, the third cellmate was taken out of the cell for a court appearance.

17. Lopez was alone in the cell with Jones.

18. Jones then brutally assaulted Lopez by pushing him down, physically assaulting him, then violently raping him.

19. Jones threatened additional violence if Lopez reported the attack.

20. Lopez attempted to utilize an alert mechanism that was inoperable.

21. Lopez reported the assault the following day.

22. When corrections officers responded, Jones engaged in a sexually explicit act which resulted in him being removed from the quarantine unit.

23. Lopez was questioned on the cell block in front of other inmates.

24. Lopez requested to go to the medical unit.

25. Corrections officers refused.

26. Lopez was ultimately able to inform corrections officers that he had been assaulted.

27. Corrections officers transported Lopez to the medical unit.

28. Lopez was questioned on the medical unit in front of other inmates and corrections officers.

29. Lopez was transported by two Harrison County Sheriff's Deputies to Memorial Hospital Gulfport.

30. Lopez was ridiculed by one of the Deputies in the presence of hospital staff and others.

31. Upon information and belief, that Deputy took a photograph on his cellular telephone of Lopez in the hospital.

32. Lopez was treated in the Emergency Department and was returned to the Harrison County Adult Detention Center.

33. The follow-up treatment provided by the Harrison County Sheriff's Department consisted of a counselor and another mental health professional questioning Lopez about the incident on the zone, in the presence of numerous other inmates and corrections officers.

## V. CAUSES OF ACTION

A.     COUNT I – ACTION FOR DEPRIVATION OF CIVIL RIGHTS (42 U.S.C. SECTION 1983)

34.     Plaintiff hereby incorporates by reference and re-alleges the information set forth in the forgoing paragraphs.

35.     At all times material hereto, Defendants were vested with the authority and the non-delegable responsibility and duty of adhering to, complying with and enforcing the laws of the United States of America and the State of Mississippi.

36.     Defendants have a constitutional obligation to protect the individuals in their custody from harm at the hands of other incarcerated individuals.

37.     While acting under color of law, Defendants implemented a policy, custom, usage, and/or practice wherein the rights, privileges and/or immunities of Plaintiff were violated.

38.     Defendants violated their obligations to Plaintiff, resulting in a brutal, foreseeable and preventable attack on Plaintiff.

39.     Specifically, Defendants, jointly and severally, violated Plaintiff's right to equal protection of the laws of the United States of America, the Fourteenth Amendment to the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi, the right to procedural and substantive due process of the law pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and the right against cruel and unusual punishment pursuant to the Eight Amendment to the Constitution of the United States of America.

40.     The violations complained of in this Complaint include, but are not limited to, the deprivation of civil rights and deliberate indifference to the safety, protection, health, privacy and medical needs of Plaintiff.

41. As a direct and proximate consequence of Defendants' actions, Plaintiff was deprived of certain rights, privileges and immunities secured by the Constitution of the United States of America, the laws of this Nation and the State of Mississippi. Specifically, Plaintiff's Fifth and Fourteenth Amendment rights to procedural and substantive due process and equal protection of the laws were violated by the Defendants, together with his Eight Amendment right prohibiting cruel and unusual punishment.

42. At all times material hereto, Defendants Harrison County, Mississippi, Harrison County Sheriff's Department, Sheriff Troy Peterson, and their agents, representatives, and employees acted pursuant to the policies, regulations, and decisions officially adopted or promulgated by those persons and/or entities whose acts may fairly be said to represent official policy of or were pursuant to a governmental custom, usage or practice of these Defendants.

43. Defendants' acts represent official policy, practices, customs or regulations of the Defendants.

44. Defendants collectively and individually developed, planned and implemented the policy, custom and/or usage that resulted in their failure to keep Plaintiff safe, subjected Plaintiff to extreme violence, and caused Plaintiff's harm and injury.

45. As a direct and proximate consequence of Defendants' conduct, Plaintiff suffered injuries, including but not limited to extreme pain and suffering, personal injury, humiliation, degradation, mental distress and severe emotional anguish.

46. Defendants should be held liable for their deprivation of Plaintiff's civil rights in an amount to be proven at the time of trial.

B.  **COUNT II – ACTIONS FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S.C. SECTION 1985)**

47.  Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

48.  There exists at the Harrison County Adult Detention Center a belief, practice, usage and/or custom that promotes violations of inmates' constitutional rights.

49.  This belief, practice, usage and/or custom commences upon arrival to the Harrison County Adult Detention Center when inmates are placed into overcrowded cells with no consideration as to their mental or physical health or the mental or physical health or violent tendencies of those around them.

50.  This belief, practice, usage and/or custom poses a substantial risk of serious harm to inmates and routinely perpetrates violence.

51.  This belief, practice, usage and/or custom routinely leads to the deprivation of inmates' civil, constitutional and human rights, as it did to Plaintiff on July 22, 2021.

52.  The conspiracy to deprive Plaintiff of his federally protected rights, privileges and immunities began with a practice, custom and/or usage at the Harrison County Adult Detention Center.

53.  Defendants willfully and maliciously agreed and conspired to enact and/or allow a practice, custom and/or usage that resulted in a blatant violation Plaintiff's constitutional rights through their acts of omission and commission.

54.  As a direct and proximate consequence of Defendants' actions, Plaintiff suffered harm and injuries.

55.  Defendants should be held jointly and severally liable to Plaintiff for his injuries, pain, suffering, and harm in an amount to be proven at the time of trial.

C.  **COUNT III – ACTION FOR NEGLECT OR FAILURE TO PREVENT CONSPIRACY (42 U.S.C. SECTION 1986)**

56.  Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

57.  Defendants knew or reasonably should have known, prior to Plaintiff's assault, of the implementation of the conspiracy to deprive him of his federally protected rights, as such activity regularly took place at the Harrison County Adult Detention Center.

58.  Neither Sheriff Troy Peterson nor anyone else in a position of authority to thwart the conspiracy took any action whatsoever to prevent the same from happening. Had anyone intervened, Plaintiff would not have been violently assaulted, injured and humiliated.

59.  Defendants either intentionally or through negligence failed to expose, prevent or otherwise thwart the conspiracy to deprive Plaintiff of the equal protections of the laws of this Nation and State notwithstanding the fact that they possessed the authority, power, and ability to halt, annul, void, expose, intervene in or stop the violations before they occurred.

60.  Consequently, these Defendants are liable for Plaintiff's deprivations, injuries, and harm in an amount that will be proven at the time of trial.

D.  **COUNT VI – PENDENT STATE OR SUPPLEMENTAL CLAIMS**

   1.  **CIVIL CONSPIRACY**

61.  Plaintiff hereby incorporates by reference and re-alleges the information et forth in the foregoing paragraphs.

62.  Defendants, acting in concert with one another, agreed, expressly or by implication, to engage in conduct that was wrongful, intentional, willful and wanton and designed to inflict certain harm, suffering and pain.

63. Defendants, acting in concert with one another, agreed, expressly or by implication, to overcrowd cells, with no regard for the inmates' circumstances or the circumstances of the inmates' charges, and with no regard for the foreseeable and preventable harm to the inmates.

64. Defendants, acting in concert with one another, agreed, expressly or by implication, to engage in conduct that was wrongful, intentional, willful and wanton and designed to inflict certain harm, suffering and pain.

65. Defendants' agreement to engage in such conduct was illegal and amounted to a civil conspiracy against Plaintiff.

66. As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, Defendants are jointly and severally liable to Plaintiff for the civil conspiracy to engage in conduct they knew or reasonably should have known was against the law and the public policy of this State when the same manifested itself against the interests of Plaintiff.

67. Defendants should be held liable for their civil conspiracy in an amount to be proven at the time of trial.

**2.    BREACH OF DUTY**

68. Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

69. Defendants have a duty to protect the individuals in their custody from harm at the hands of other incarcerated individuals. This includes physical harm, as well as mental harm.

70. Defendants' failure and/or refusal to protect Plaintiff from harm at the hands of Andrew Malik Jones is a breach of Defendants' duty.

71. Defendants' failure and/or refusal to provide Plaintiff with prompt, proper, professional, and necessary protection at a time when the same was essential constitutes a breach of non-delegable and/or fiduciary duty owed to Plaintiff.

72. This same duty was further breached when Defendants failed to properly staff, maintain, secure and provide adequate accommodations for inmates, specifically including persons with violent tendencies. This includes but is not limited to Defendants' failure to properly supervise inmates, as well as Defendants' failure to maintain their equipment, including equipment designed to thwart attacks of the very nature that Plaintiff suffered.

73. As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, Defendants are jointly and severally liable to Plaintiff for the breach of a non-delegable and/or fiduciary duty owed to Plaintiff.

74. Defendants should be held liable for their breaches in an amount to be proven at the time of trial.

**3.    THE COMMON LAW TORT OF OUTRAGE**

75. Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

76. Defendants' conduct was so outrageous that it shocks the moral and legal conscience of the community.

77. Defendants pack inmates in cells on top of one another, exceeding the capacity of the cell, and in doing so, put in inmates' health, wellbeing and lives in jeopardy.

78. Defendants house inmates on top of one another despite their circumstances, including the inmates' physical and mental health and the inmates' propensity to violence.

79. It is foreseeable that, under this type of practice, an inmate will be exposed to violence, harmed, or even killed.

80. This outrageous conduct directly and proximately resulted in harm and injuries to Plaintiff.

81. Defendants' conduct in overcrowding cells, regardless of physical and mental health conditions, and regardless of violent propensities, amounts to a cold, callous, premeditated abuse of legal authority.

82. Defendants' conduct in failing to protect Plaintiff, failing to properly house inmates, failing to properly guard and separate violent offenders, is outrageous.

83. As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, Defendants are jointly and severally liable to Plaintiff for such outrageous conduct as the same resulted in harm and injury to Plaintiff.

84. Defendants should be held liable in an amount to be proven at the time of trial.

**4.     INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

85. Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

86. Defendants' acts and/or omissions not only inflicted physical pain and suffering upon Plaintiff but also emotional and mental anguish and distress.

87. Defendants failed to protect Plaintiff from harm at the hands of other incarcerated individuals by placing him in a 2-person cell that was already occupied by 2-inmates; by placing him in a cell with an inmate who is mentally ill and who is known to be not only physically violent, but sexually violent; by failing to properly maintain their equipment to ensure Plaintiff's safety; by failing to treat Plaintiff with dignity and privacy during the reporting, treating and post-incident

treatment process; and by publicly ridiculing and taking a photograph of Plaintiff while he was receiving medical treatment.

88. Defendants' conduct was wanton and willful, and it evokes outrage or revulsion, such that Defendants have intentionally inflicted emotional distress upon Plaintiff.

89. As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to Plaintiff for the intentional infliction of emotional distress and mental anguish inflicted upon Plaintiff.

90. Defendants should be held liable in an amount to be proven at the time of trial.

**5. NEGLIGENCE AND/OR GROSS NEGLIGENCE**

91. Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

92. Defendants had a duty to Plaintiff to protect him from harm at the hands of other incarcerated individuals.

93. Defendants had a duty to Plaintiff to protect his privacy when rendering/receiving medical care.

94. Defendants had a duty to act with care the average person/entity would act with in similar circumstances to prevent harm to Plaintiff.

95. Defendants breached their duties to Plaintiff by failing to protect him from harm, failing to properly house, classify and separate inmates, by failing to maintain their equipment, and by failing to protect Plaintiff's privacy.

96. Defendants breached their duties to Plaintiff by failing to exercise the due care that was required under the circumstances.

97. Defendants willfully disregarded Plaintiffs' rights, and their failures complained of herein amount to gross negligence.

98. Had Defendants exercised due care, this incident would not have occurred.

99. Had Defendants not willfully disregarded Plaintiffs' rights, this incident would not have occurred.

100. As a direct and proximate result of Defendants' failure to act with reasonable care, Plaintiff was harmed.

101. As a direct and proximate result of Defendants' willful disregard for Plaintiff's rights, Plaintiff was harmed.

102. As a direct and proximate cause of Defendants' failure to act with reasonable care and Defendants' willful disregard for Plaintiff's rights, Defendant was brutally attacked and sexually assaulted, in the very nature of the offense for which he was in custody.

103. Defendants should be held liable for their negligence and/or gross negligence in an amount to proven at the time of trial.

E.   **PUNITIVE DAMAGES**

104. Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

105. Defendants violated Plaintiffs' constitutional rights.

106. Defendants acted with actual malice and/or gross negligence which evinces a willful, wanton or reckless disregard for Plaintiff's safety.

107. Defendants' acts and omissions import insult and oppression.

108. Plaintiff's injuries are not merely injuries but injuries inflicted by Defendants in the spirit of a wanton disregard for Plaintiff's rights of others.

109. Plaintiff's harm and injuries evince insult, malice and/or gross negligence, and a ruthless disregard for Plaintiff's rights.

110. Defendants should be punished for their wrongdoings.

111. Defendants should be punished so that they and others may be deterred from the commission of such wrongs in the future.

112. Defendants should be punished so that the public, including incarcerated individuals, can be properly protected.

113. In addition to actual or compensatory damages, Plaintiff requests an award of punitive damages.

## VI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Thomas J. Lopez prays, upon the filing of this Complaint, that Plaintiff will be awarded a judgment against Defendants, jointly and severally, for all damages sustained by Plaintiff under 42 U.S.C. Sections 1983, 1985, 1986, 1988, the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and for the violation of numerous pendent or supplemental state claims arising of the same set of facts from which the deprivation of civil, constitutional and human rights arose for the deprivation of such constitutional rights, personal injury, infliction of emotional distress, mental anguish, pain, suffering, degradation, humiliation, torture, loss of enjoyment of life, medical, loss of society and support, and any other injury or claim that may be discovered during the discovery process for which the law holds Defendant liable and responsible. Plaintiff requests a judgment in his favor and against the Defendants, jointly and severally, for actual and compensatory damages, and further requests a judgment in his favor and against Defendants for punitive or exemplary damages, for the outrageous, willful, wanton, and intentional conduct the resulted in a gross or reckless

disregard for the welfare, safety, rights, privileges or immunities of Plaintiff. Plaintiff requests a judgment in his favor and against Defendants, jointly and severally, for Plaintiff's reasonable attorneys' fees, all costs of this action and related litigation expense and expert fees. Plaintiff requests such other relief, general or specific, as the Court may deem appropriate, just, and equitable in the premises.

**RESPECTFULLY SUBMITTED**, this the 2nd day of December, 2022.

/s/ William Alex Brady, II
William Alex Brady, II (MSB #101418)
Brady Law Firm, PLLC
600 E. Railroad Street, Suite A
Long Beach, Mississippi 39560
Telephone: (228) 575-4474
Facsimile: (228) 575-4472
*Counsel for Plaintiff*

STATE OF Mississippi
COUNTY OF Harrison

PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the jurisdiction aforesaid, the within named Thomas Julian Lopez who, being by me first duly sworn, did depose and state on his oath that the facts and things contained in the above and foregoing document are true and correct as therein stated, and where stated on information and belief, he verily believes same to be true and correct.

This the 23rd day of August, 2022.

_____
THOMAS JULIAN LOPEZ

Sworn to and subscribed before me, this the 23 day of August, 2022.

_____
NOTARY PUBLIC

My Commission Expires: _____



(Notary Seal: MICHELLE ELLIOTT, ID # 293748, Commission Expires Nov. 17, 2025, Harrison County, State of Mississippi)