UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THOMAS J. LOPEZ                                                             PLAINTIFF

VERSUS                                               CIVIL ACTION NO. 1:22-CV-329-TBM-RPM

HARRISON COUNTY, MISSISSIPPI et al                                          DEFENDANTS

### ORDER DENYING MOTION TO JOIN PARTY

Plaintiff Thomas J. Lopez filed a complaint against Defendants Harrison County and Sheriff Troy Peterson pursuant to 42 U.S.C. § 1983 alleging that Defendants failed to protect him from assault by an inmate at the Harrison County Adult Detention Center (HCADC).[1]  Doc. [1]. Specifically, Plaintiff alleges that Andrew Malik Jones assaulted and raped Plaintiff while he and Jones were pre-trial detainees at HCADC.  Before the Court is Defendants' motion to join Andrew Malik Jones as a necessary and indispensable party pursuant to Fed. R. Civ. P. 19(a)(1)(A).  Doc. [15].  Alternatively, Defendants request Jones be permissively joined as a defendant pursuant to Fed. R. Civ. P. 20(a)(2)(B).

Pursuant to Rule 19(a)(1)(A), a person "must be joined as a party if:  (A) in that person's absence, the court cannot accord complete relief among existing parties."  "Whether a person is 'indispensable,' that is, whether a particular lawsuit must be dismissed in the absence of that person, can only be determined in the context of particular litigation." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 (1968).  "[T]here is no prescribed formula for determining in every case whether a person is an indispensable party." *Id.* at 188 n.14.  The rule "militate[s] in favor of a highly practical, fact-based decision." *Pulitzer–Polster v. Pulitzer*, 784

---

[1] In his amended complaint of July 5, 2023, Plaintiff added HCADC's medical services provider, Vitalcore Health Strategies, LLC, as a defendant.  Doc. [21].  By order dated August 9, 2023, the Court dismissed the Harrison County Sheriff's Department from the lawsuit.  Doc. [37].

F.2d 1305, 1309 (5th Cir. 1986).  On the other hand, Rule 20(a)(2)(B) provides that "persons … may be joined in one action as defendants if: (B) any question of law or fact common to all defendants will arise in the action."

Initially, Plaintiff informed the Court he did not oppose the motion for joinder.  The undersigned conducted a hearing on Defendants' motion, at which time, Plaintiff's counsel advised that Plaintiff now opposes the motion to join Jones as a defendant.  At the hearing, counsel for Defendants argued that joinder is necessary because Plaintiff alleged pendent state law claims of civil conspiracy and negligence.

With respect to civil conspiracy, there is no suggestion that Jones entered into an agreement or conspired with the jailers at HCADC to rape Plaintiff.  *See MultiPlan, Inc. v. Holland*, 937 F.3d 487, 495 (5th Cir. 2019) (the elements of civil conspiracy under Mississippi law include "an agreement between two or more persons").  Jones apparently did not reach an agreement with the jailers prior to attacking and raping Plaintiff.  Rather, Plaintiff alleges that Defendants were deliberately indifferent to and failed to protect him from the threat posed by Jones.  If joined as a party, the claims against Jones and his jailers would travel under different legal theories.  Any alleged negligence on the part of Plaintiff's jailers is distinct from the intentional tort Jones allegedly committed against Plaintiff.  Joint tortfeasors generally are not treated as indispensable parties.  *See Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990); Fed.R.Civ.P. 19 Advisory Comm. Notes, 1966 Amendment (Rule 19 does not alter the "settled authorities holding that a tortfeasor within the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability.").  Defendants fail to explain how complete relief cannot be accorded among parties if the alleged rapist/inmate is not added as a defendant.

Turning to permissive joinder and Rule 20, Plaintiff's claims against Defendants and Jones arguably involve "the same transaction, occurrence, or series of transactions of occurrences," as well as common questions of fact. Nevertheless, Plaintiff does not wish to include Jones as a defendant and should not be forced to prosecute claims against a party he did not include in his complaint. Jones is the master of his complaint and decides whom to sue. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90-91 (2005); *Green v. Allstate Texas Lloyds, Inc.*, No. 3:21-CV-963-S2021 WL2516681, at *2 (N.D.Tex. June 18, 2021) ("the choice of which parties to sue lies with [Plaintiff], rather than Defendant or this Court."); 16 J. Moore et al., Moore's Federal Practice § 107.14[2][c], p. 107-67 (3d ed. 2005) ("In general, the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue, subject only to the rules of joinder [of] necessary parties."). It is the Court's understanding that Jones remains incarcerated on pending criminal charges. If joined as a defendant, it is anticipated that Jones would be proceeding *pro se*. The Court finds that adding Jones as a defendant would not comport with the principles of judicial economy because of potential complications and delay of the litigation process. *See Samsel v. Desoto Cty. School Dist.*, No. 3:14CV113-MPM-SAA, 2015 WL 13885049, at *2 (N.D.Miss. Jan. 13, 2015); *H. K. Ferguson Co. v. Nickel Processing Corp. of N.Y.*, 33 F.R.D. 268, 275 (S.D.N.Y. 1963) ("[t]he policy of encouraging expeditious disposition of litigation by encouraging joinder of claims and parties must yield when the joinder … will introduce new issues into the pending lawsuit with the result that the pending action is unduly delayed or complicated"). To the extent Defendants argue Jones' presence at trial is necessary, they are free to name him as a witness and issue a trial subpoena to secure his testimony. Based on the foregoing, the Court finds that Defendants' motion should be denied.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' [15] Motion to Join Andrew Malik Jones as a party is DENIED.

SO ORDERED AND ADJUDGED, this the 15th day of August 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE