UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THOMAS J. LOPEZ                                                              PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 1:22-CV-329-TBM-RPM

HARRISON COUNTY, MISSISSIPPI et al                                         DEFENDANTS

## ORDER GRANTING MOTION TO AMEND

Before the Court is Plaintiff Thomas J. Lopez's second motion to amend complaint. Doc. [77]. Also, before the Court, is Defendant Harrison County, Mississippi's motion to strike Plaintiff's motion to amend.[1] Doc. [84]. The Court conducted a hearing on the motion to amend and motion to strike on February 3, 2025. Minute Entry (2/3/2025).

Plaintiff filed this 42 U.S.C. § 1983 civil rights complaint on December 2, 2022, alleging jail officials failed to protect him from sexual assault by fellow inmate Andrew Malik Jones on July 22, 2021. Plaintiff was a pre-trial detainee at the Harrison County Adult Detention Center at the time of the incident. On September 19, 2023, the Court entered an amended case management order setting an amendment deadline of October 16, 2023. Text Only Order (9/19/2023). The instant motion to amend was filed October 7, 2024, almost a year after the established deadline.

Plaintiff's proposed amended complaint seeks to add ten new defendants. Plaintiff originally named "John Does" as individual defendants. He now seeks to replace the fictitious John Doe defendants with names gleaned from records produced during discovery. Three of the

---

[1] Defendant argues Plaintiff's motion to amend should be stricken because Plaintiff did not file a separate memorandum brief in support of his motion as required by L.U.Civ.R. 7(b)(4).

new Defendants (Caleb Bridges, Amy Heggins, and Jill Conrad) were employees of Defendant Vitalcore Health Strategies, LLC.  Plaintiff has entered a settlement agreement with Vitalcore.  *See* Notice of Settlement (1/31/2025).  At the motion hearing, Plaintiff advised the Court that he no longer seeks to add Bridges, Heggins, and Conrad as defendants.  The remaining seven proposed new Defendants were employees of Harrison County at the time of the subject incident.  At the motion hearing, Plaintiff clarified that these individuals failed to protect Plaintiff from the sexual assault committed by Jones.  He alleges these individuals were aware of Jones' history as a violent offender and should not have placed Jones in a cell with Plaintiff.  According to Plaintiff, he did not know the identities or roles of these new Defendants until he received and reviewed Jones' jail records.  Those records were not produced until April 26, 2024.

For purposes of deciding the instant motion, a critical issue is Plaintiff's efforts to learn the identity of the John Does.  Defendants answered Plaintiff's original complaint in March 2023, and served initial disclosures on May 12, 2023.  Plaintiff first propounded written discovery in August 2023.  As part of written discovery, Plaintiff requested Jones' jail records.  Defendants' responses were served in October 2023, but Defendants did not produce Jones' records.  On January 17, 2024, Plaintiff filed a motion to compel Defendants to produce a copy of Jones' jail records.  Defendants had withheld Jones' records as protected health information pursuant to the Health Insurance Portability and Accountability Act (HIPAA).  On March 26, 2024, the Court granted Plaintiff's motion to compel and ordered Defendants to produce Jones' records pursuant to a qualified protective order.  Doc. [67].  Defendants then produced Jones' file on April 26, 2024.  Accordingly, at the earliest, Plaintiff had within his possession the records identifying the individuals involved in Jones' classification and cell assignment on April 26,

2024. Plaintiff then filed the instant motion to amend to add these individuals on October 7, 2024, more than five months later.

## **Law and Analysis**

Rule 15(a)(2) provides that leave to amend should be freely given when justice so requires. Rule 15 evinces a bias in favor of amendment. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). A motion to amend should not be denied "unless there is a substantial reason to do so." *Lefall v. Dallas Indep. School Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). There are five factors to consider when determining whether to grant leave to amend: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith*, 393 F.3d at 595.

In this case, Plaintiff seeks leave to amend his complaint nearly a year after the court-imposed deadline to file motions to amend pleadings. Rule 16(b) governs the amendment of pleadings after the deadline for amendments in the Court's scheduling order has expired. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010). Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003). In assessing a plaintiff's showing of good cause, the Court considers (1) the explanation for plaintiff's failure to timely move to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S&W Enterprises*, 315 F.3d at 536-37.

The parties' respective arguments focus primarily on Plaintiff's explanation for failing to timely move to amend his complaint. Defendants argue Plaintiff was not diligent in identifying the John Does through discovery. The Court entered the case management order on May 2,

2023, but Plaintiff did not serve discovery requests until August 2023. Plaintiff received Defendants' discovery responses and objections in October 2023, but Plaintiff did not file the motion to compel with respect to Jones' inmate records until January 17, 2024. Furthermore, once Plaintiff received Jones' records on April 26, 2024, he waited more than five months, until October 7, 2024, to file his motion to amend.

In his reply brief, Plaintiff argues that he did not learn the identity of the John Does defendants until April 26, 2024, when Plaintiff received Jones' file. The Court agrees that Plaintiff could not have known the individuals' identities and their alleged conduct regarding the classification of Jones until April 26, 2024, at the earliest. However, Plaintiff still waited until October 7, 2024, to file the motion to amend. Meanwhile, the three-year statute of limitations ran on July 22, 2024. Plaintiff attempts to account for the nearly five-month delay between receiving Jones' records and filing the motion to amend. According to Plaintiff, the Jones file

> encompassed approximately one dozen (12) incarcerations of Inmate Jones. The records are not concise, organized or easily discernable. The records are often handwritten or, when typed, appear abbreviated or in shorthand. The spreadsheets and windows contained in the records do not reveal the entire entries on several occasions. They are not chronological. The records are duplicative at times.

Doc. [90] at 11. At the motion hearing, Plaintiff's counsel further explained that he relied on his expert to review Jones' file to identify the individuals who might be responsible for improperly placing Jones in a cell with Plaintiff.

Defendants also argue the proposed amendment would be futile because Plaintiff's claims against the proposed defendants is barred by the statute of limitations. It is undisputed that Plaintiff's claims against the new defendants are time-barred unless they "relate back" to the original filing of the complaint. *See* Fed.R.Civ.P. 15(c). Defendants argue under Fifth Circuit precedent an amendment to substitute a named party for a John Doe does not relate back under

4

Rule 15(c).  Defendants cite to *Whitt v. Stephens County*, 529 F.3d 278, 282-83 (5th Cir. 2008) to support this assertion.  However, Rule 15(c)(1)(A) allows for relation back when "the law that provides the applicable statute of limitations allows relation back."  The advisory committee notes further explain that "whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim."  *See Pruitt v. Invacare Corp.*, No. 2:13CV293-TSL-JCG, 2014 WL 5465342, at *3 (S.D.Miss. Oct. 28, 2014).

Mississippi law provides the relevant statute of limitations for Plaintiff's cause of action.  To qualify as timely under Mississippi law, the amended complaint must relate back to the date of the original complaint.  *Turnage v. McConnell Technologies*, 671 F.App'x 307, 309 (5th Cir. 2016); *Dawson v. Manhattan Nursing & Rehabilitation Center, LLC*, No. 3:23-CV-388-DPJ-FKB, 2023 WL 11113880, at*3 (S.D.Miss. Dec. 7, 2023).  Mississippi law does allow, under certain circumstances, that "a true substitution for a fictious party will relate back to the original filing date under Miss.R.Civ.P. 15."  *Id.* at *4 (quoting *Essary v. Wal–Mart Stores, Inc.*, No. 199CV338SA, 2000 WL 33907699, at *2–3 (N.D.Miss. Sept. 19, 2000)); *Thomas v. Rankin County, Mississippi*, No. 3:14cv419-DPJ-FKB, 2015 WL 5772398, at *3 (S.D.Miss. Sept. 30, 2015).  However, the relation back privilege for fictitious parties requires Plaintiff to exercise a reasonably diligent inquiry into the fictitious party's identity.  *Pruitt*, 2014 WL 5465342, at *3.  In its futility argument, Defendant merely points to Fifth Circuit precedent holding that identifying fictitious defendants does not satisfy the relation back standard.  Defendants' argument fails to account for Mississippi's more forgiving standard regarding fictitious parties.

Whether Plaintiff was diligent in seeking to amend her complaint to identify fictitious defendants touches on both the good cause analysis under Rule 16 as well as the relation-back

5

analysis for Rule 15(c). Diligence is a crucial factor in determining whether Plaintiff's out-of-time motion to amend should be granted under Rule 16(b). *S & W Enters., LLC*, 315 F.3d at 535 (Rule 16(b) requires the party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."); *Glover v. Argonaut Midwest Ins. Co.*, No. 22-445-SDD-SDJ, 2024 WL 4904671, at *3 (collecting cases finding diligence as the "most important" or "dispositive" factor bearing on the good cause inquiry under Rule 16(b)(4)). Here, Plaintiff could not have reasonably met the October 16, 2023, amendment deadline because Defendants did not serve discovery responses until the eve of the discovery deadline. Then, based on Defendants' HIPAA objection, Plaintiff was forced to file a motion to compel to obtain Jones' jail records. Plaintiff did not receive Jones' jail records until April 26, 2024—approximately six months after the amendment deadline had expired.

Likewise, reasonable diligence is a crucial factor in determining whether the new claims should relate back to the filing date of the original complaint, and thereby save Plaintiff's claims from being barred by the statute of limitations. *See Turnage*, 671 F.App'x at 309; *Dawson*, 2023 WL 11113880, at *3; *Pruitt*, 2014 WL 5465342, at *3. Given this overlap of the good-cause analysis and statute-of-limitations analysis, the Court finds that Plaintiff's motion to amend should be granted. However, the motion is granted without prejudice to Defendants asserting a statute of limitations defense and, more importantly, without prejudice to Defendants' argument that Plaintiff failed to exercise reasonable diligence in identifying the fictitious Defendants. These issues should be addressed and fully developed in a properly filed dispositive motion for the district judge's consideration.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Motion [77] to Amend is GRANTED, subject to the provisions outlined in this Order.

IT IS FURTHER ORDERED that Defendant's Motion [84] to Strike is DENIED.

SO ORDERED AND ADJUDGED, this the 14th day of February 2025.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE