UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THOMAS J. LOPEZ**                                                               **PLAINTIFF**

**V.**                                       **CIVIL ACTION NO.: 1:22-cv-329-TBM-RPM**

**HARRISON COUNTY, MISSISSIPPI,
SHERIFF TROY PETERSON, PATRICK BEAVER,
CHARLENE CANNON, MICHELLE MCLAUGHLIN,
CHARLENE STINSON, BOBBY JACKSON, EVAN HUBBARD
and ELAINE LEGE, INDIVIDUALLY AND/OR IN THEIR
OFFICIAL CAPACITIES**                                                  **DEFENDANT(S)**

---

**DEFENDANTS, PATRICK BEAVER, CHARLENE CANNON, MICHELLE
MCLAUGHLIN, CHARLENE STINSON, BOBBY JACKSON, EVAN HUBBARD and
ELAINE LEGE'S, MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6) AND 15(c)**

---

COMES NOW, Defendants, Patrick Beaver, Charlene Cannon, Michelle McLaughlin, Charlene Stinson, Bobby Jackson, Evan Hubbard and Elaine Lege, Individually and in Their Official Capacities, by and through their attorney of record, Hopkins, Barvié & Hopkins, P.L.L.C., and files this their Motion to Dismiss pursuant to Rule 12(b)(6) and 15(c) of the Federal Rules of Civil Procedure for failure to state a claim for which relief can be granted against Defendants, Patrick Beaver, Charlene Cannon, Michelle McLaughlin, Charlene Stinson, Bobby Jackson, Evan Hubbard and Elaine Lege, Individually and in Their Official Capacities, as follows:

1.

Plaintiff has filed a Complaint [DN 1], an Amended Complaint [DN 21] and a Second Amended Complaint [DN 95]. The Second Amended Complaint does not adopt the prior Complaints. The Second Amended Complaint makes identical allegations as the first two

Complaints but for one paragraph which lists the new Defendants (4) by name and another paragraph (41) that simply lumps new Defendants with existing Defendants with the same "shotgun" style allegations. The Second Amended Complaint was filed over sixteen (16) months after the Court's amendment deadline and over seven (7) months after the expiration of the applicable Statute of Limitations.

2.

The Plaintiff's Second Amended Complaint [DN 95] must be dismissed pursuant to Rule 12(b)(6) as it is filed beyond the applicable Statute of Limitations. The Plaintiff's Federal claims were required to be filed within three (3) years from July 21, 2021. The Plaintiff's State law claims were required to be filed within two (2) years of July 21, 2021, after filing the required pre-suit notice of claim as required by Mississippi Code, which was not done.

3.

The Plaintiff's Second Amended Complaint [DN 95] must be dismissed as the Federal Rules of Civil Procedure do not allow the new Defendants to be included in the lawsuit after the statute of limitations has expired. Fed. R. Civ. P. 15(c)(1)(c) does not permit the Plaintiff to relate the claims filed against the Defendants back to the date of the original filing. This is clearly not a case of "a mistake concerning the proper party's identity." It is well established under F.R.C.P. 15(c) that the Federal Courts do not allow relation back for amendments based on lack of knowledge of a defendant's identity. The Plaintiff's claims are time barred.

4.

Lastly, the Plaintiff's Second Amended Complaint [DN 95] is a recitation of his original Complaint and Amended Complaint. The Plaintiff lists the new Defendants and provides nothing more than conclusory allegations relating to these new Defendants. These conclusory

allegations do not "properly set forth a claim of deprivation of rights, privileges or immunities secured by the Constitution or laws of the United States caused by these Defendants acting under the color of law."

5.

The Plaintiff's Second Amended Complaint should be dismissed pursuant to Rule 12(b)(6) and Rule 15(c) of the Federal Rules of Civil Procedure and the applicable Statute of Limitations. These Defendants adopt by reference their Memorandum in Support of the Motion to Dismiss filed herewith and in support hereof.

WHEREFORE, PREMISES CONSIDERED, Defendants, Patrick Beaver, Charlene Cannon, Michelle McLaughlin, Charlene Stinson, Bobby Jackson, Evan Hubbard and Elaine Lege, Individually and in Their Official Capacities, move this Court to dismiss these claims in Plaintiff's Second Amended Complaint pursuant to F.R.C.P. 12(b)(6) and 15(c) along with the applicable Statute of Limitations. These Defendants seek all other relief which they may be entitled including, but not limited to, attorney's fees for having to prepare motion.

RESPECTFULLY SUBMITTED, this the 11th day of April, 2025.

    PATRICK BEAVER; CHARLENE CANNON; MICHELLE MCLAUGHLIN; CHARLENE STINSON; BOBBY JACKSON; EVAN HUBBARD; AND ELAINE LEGE , Defendants

BY:    HOPKINS, BARVIÉ & HOPKINS, P.L.L.C., Their Attorneys

BY:    *s/A. Norris Hopkins, Jr.*
    A. NORRIS HOPKINS, JR.( MSB# 10819)

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 11, 2025, I electronically filed the Defendants' Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) and 15(c) with the Clerk of the Court using the ECF system which electronically delivered same to all counsel of record.

                                                                    *s/A. Norris Hopkins, Jr.*
                                                                    A. NORRIS HOPKINS, JR.

HOPKINS, BARVIÉ & HOPKINS, P.L.L.C.
ATTORNEYS AND COUNSELORS AT LAW
A. NORRIS HOPKINS, JR., MSB# 10819
MARIANO J. BARVIÉ, MSB# 10324
2701 24TH AVENUE
P. O. BOX 1510
GULFPORT, MS 39502-1510
(228) 864-2200
FAX: (228) 868-9358